PER CURIAM.
 

 Defendant was charged with first-degree murder as a result of a death caused by an overdose of methadone which was sold to the victim by defendant. The trial court granted defendant’s motion to dismiss, because methadone is not a drug enumerated under the statute which was the basis of the charge, and the state appeals. We affirm.
 

 The charge was first-degree felony murder under 782.04(l)(a)3, Florida Statutes, which provides:
 

 (l)(a) The unlawful killing of a human being:
 

 * * *
 

 
 *327
 
 3. Which resulted from the unlawful distribution of any substance controlled under s. 893.03(1), cocaine as described in s. 893.03(2)(a)4., or opium or any synthetic or natural salt, compound, derivative, or preparation of opium by a person 18 years of age or older, when such drug is proven to be the proximate cause of the death of the user, is murder in the first degree and constitutes a capital felony, punishable as provided in s. 775.082.
 

 Defendant moved to dismiss arguing that methadone was not a Schedule I drug set out in section 893.03(1). The state acknowledged that methadone is not a Schedule I drug, but argued that it is a “synthetic of opium” under section 782.04(l)(a)3.
 

 The trial court conducted an evidentiary hearing in which defendant presented the testimony of Dr. Rich Bateh, a clinical laboratory consultant in chemistry and toxicology. He was of the opinion that methadone is not an opium, a synthetic salt, compound or salt, compound derivative or preparation of opium. Nor is methadone a natural salt, compound, derivative or preparation of opium. Dr. Bateh classified methadone as an opioid, which means that it acts on the human body in a manner similar to opium or opium derivatives.
 

 Dr. Gunther Hochhaus, a professor of pharmaceutics at University of Florida, testified on behalf of the state. He agreed that methadone is an opioid, which has a chemical structure entirely different from opiates such as morphine or heroin. He acknowledged that the College of Pharmacy at the University of Florida had produced a letter stating that methadone was a synthetic opium or a derivative of opium, but he concluded that the letter was scientifically incorrect. In his opinion there was no such thing as a synthetic of opium, because it is not feasible to synthesize opium.
 

 In spite of the testimony of its own expert, the state argues that methadone is synthetic opium. We cannot agree. Although it is unnecessary to our conclusion, we would note that the legislature included methadone in the same statute, but rather than include it as a Schedule I substance under which appellee was charged, it included it as a Schedule II substance under section 893.03(2)(b)14.
 

 Affirmed.
 

 GROSS, C.J., POLEN and STEVENSON, JJ., concur.